**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE H. DUONG,<br><br>               Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>               Defendant. | CASE NO. CV 06-01483 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

       Plaintiff's sole claim is that the Administrative Law Judge's step-four denial of disability benefits was error because (1) a state-agency psychiatrist viewed Plaintiff as limited to following simple instructions, whereas (2) both of Plaintiff's prior jobs, as defined by the DICTIONARY OF OCCUPATIONAL TITLES, require a "reasoning level" of 2, which corresponds with an ability to follow "detailed but uninvolved instructions." DICTIONARY, vol. II at 1011.  The Court disagrees.

       A reasoning level of 2 is not inconsistent with an ability to perform simple tasks. The DICTIONARY definition itself is somewhat ambiguous.  While the explanation of reasoning level 2 includes the word "detailed," it also includes the somewhat contrary word "uninvolved."  The definition continues, "Deal with problems involving *a few* concrete variables in or from standardized situations. *Id.* (emphasis added).  Confronted with this ambiguity, at least three courts, including this one, have concluded in published

opinions that a claimant whose Residual Functional Capacity (RFC) restricts him or her to simple, repetitive tasks still can perform work requiring a reasoning level of 2. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (although level *three* reasoning was incompatible with RFC for "simple and routine work tasks," "level-two reasoning appears more consistent with Plaintiff's RFC"); *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005); *Flaherty v. Halter*, 182 F. Supp. 2d 824, 850 (D. Minn. 2001), *quoted and followed in Meissl*. As Judge Stephen G. Larson explained for this Court, "the instructions would be uninvolved – that is, not [requiring] a high level of reasoning." *Id*.

For the reasons above, the decision of the Commissioner is affirmed.

DATED: May 9, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE